**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| In re | Bk. No. 11-13664-JMD |
| | Chapter 11 |
| EZENIA! Inc. | |
| | **Hearing Date: November 22, 2011** |
| Debtor. | **Hearing Time: 10:00 a.m.** |
| | **Objection Deadline: November 15, 2011** |

## MOTION OF DEBTOR-IN-POSSESSION FOR ORDER AUTHORIZING DEBTOR TO REJECT A CERTAIN EXECUTORY CONTRACT

The above-captioned debtor and debtor-in-possession (the "Debtor") hereby moves this Court for entry of an Order authorizing the Debtor to reject a certain executory contract. In support of its Motion, the Debtor respectfully states as follows:

### JURISDICTION AND VENUE

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3.      The predicates for the relief requested herein is section 365(a) of the Bankruptcy Code.

### BACKGROUND

4.      On September 30, 2011 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtor's chapter 11 case (the "Case"), and no official committee has been appointed.

5.     The Debtor is a publicly traded company (EZEN), which operates in one business segment, which is the design, development, manufacturing, marketing and sale of conferencing and real-time collaboration solutions for corporate and governmental networks and eBusiness. The company was founded in 1991, and it is headquartered in Nashua, New Hampshire.

**RELIEF REQUESTED**

6.     Pursuant to Section 365(a) of the Bankruptcy Code, the Debtor seeks approval of the rejection of a certain Equity Edge and Employee Brokerage Services Agreement (the "Agreement") dated April 28, 2009 between the Debtor and E*TRADE Financial Corporate Services, Inc. ("E*TRADE").  A copy of the Agreement is attached hereto as **Exhibit A**.  The Agreement is an executory contract under which the Debtor is obligated to purchase certain brokerage services and to license certain software from E*TRADE at a cost of $25,000.00 this year.  The brokerage services relate only to employee stock option and stock purchase plans.  As of this date, the Debtor has reduced its staff to only five (5) employees.

7.     Section 365(a) of the Bankruptcy Code provides that a debtor in possession "subject to the court's approval, may assume or reject any executory contract . . . of the debtor." The standard applied to determine whether the rejection of an executory contract should be authorized is the "business judgment" standard.  See In re Orion Pictures Corp., 4 F.3d 1095, 1098-99 (2d Cir. 1993); see also NLRB v. Bildisco & Bildisco, 465 U.S. 513, 520 (1984); In re Roman Crest Fruit, Inc., 35 B.R. 939, 949 (S.D.N.Y. 1983).

8.     The Debtor anticipates that it will not require $25,000.00 worth of E*TRADE's brokerage services in order to service a reduced staff of only five (5) employees.  The Debtor no longer feels that it is in its best interest to be bound by the Agreement.  Therefore, it is the Debtor's business judgment that the Agreement ought to be rejected.

## APPLICABLE AUTHORITY

9.      It is well-settled that section 365(a) of the Bankruptcy Code authorizes a debtor-in-possession to reject its obligations under an executory contract or unexpired lease, such as the obligations under the Agreement.  See Schlumberger Res. Mgmt. Servs. v. CellNet Data Sys. (In re CellNet Data Sys.), 327 F.3d 242, 246 (3d Cir. 2003); see also In re Wells, 227 B.R. 553, 564 (Bankr. M.D. Fla. 1998) ("The authority to reject certain contracts is essential to the bankruptcy process and provides a mechanism through which extreme economic burdens may be alleviated while the debtor attempts to reorganize.")

10.     Rejection of an executory contract is proper where the contract is a burden to the debtor's estate and/or where it would hinder a corporate reorganization.  Philadelphia Co. v. Dipple, 312 U.S. 168, 174 (1941).  Further, "[a] debtor's decision to reject an executory contract should be summarily upheld, unless it is the product of bad faith, whim or caprice."  In re Trans World Airlines, Inc., 261 B.R. 103, 121 (Bankr. D. Del. 2001) (citation omitted).

11.     The Debtor's decision to reject the Agreement is clearly a valid exercise of its business judgment.  Upon rejection of the Agreement, the Debtor will no longer be obligated to pay the $25,000.00 due this year, thereby eliminating a significant administrative priority expense.  11 U.S.C. § 365(d)(3).  The Debtor does not require the brokerage services contemplated by the Agreement, and thus, any future payments would be an unnecessary and unreasonable expense for the Debtor's estate.  It is well within the Debtor's business judgment to utilize section 365(a) to ameliorate this wasteful and needless expense.  See, e.g., Trans World, 261 B.R. at 122 (holding that rejection of an executory contract is made within the Debtors' "sound business judgment" where ongoing expenses of the estate will be reduced as a result of rejection).  Finally, there is no indication that the Debtor's decision to reject the Agreement is a result of any bad faith, whim or caprice.

13623608.2

12.     The Debtor further requests that the Court approve rejection of the Agreement *nunc pro tunc* to the date of the filing of the Petition. Courts have authorized rejections of executory contracts and unexpired leases, including retroactive rejections, based on the equities under the circumstances. See In re Chi-Chi's, Inc., 305 B.R. 396, 399 (Bankr. D. Del. 2004) (acknowledging that a bankruptcy court may approve a rejection retroactive to the date the motion is filed after balancing the equities in a particular case); In re Fleming Cos., Inc., 304 B.R. 85, 96 (Bankr. D. Del. 2003) (stating that "rejection has been allowed *nunc pro tunc* to the date of the motion or the premises were surrendered . . .."). Courts that have permitted retroactive rejection generally have permitted rejection to be effective as of the date on which the non-debtor party to the lease was informed of the debtor's "unequivocal intent to reject the leases." In re Fleming, 304 B.R. at 96; see also In re Loewen Group Int'l, Inc., Case No. 99-1244 (PJW) (Bankr. D. Del. Aug. 18, 2000). By this Motion, the Debtor is hereby unequivocally informing E*TRADE that the Debtor intends to unequivocally reject the Agreement as of the date on which this Motion is filed.

13.     Expedient rejection of the Agreement is a sound exercise of the Debtor's reasonable business judgment. Authorizing rejection of the Agreement effective *nunc pro tunc* to the date of the filing of the Petition will benefit the Debtor's estate by relieving it of the administrative expense necessary to maintain an asset that is of little, if any, value to the Debtor. Because the Debtor has no further use for the brokerage services subject to the Agreement, rejection of the Agreement is in the best interests of the Debtor, its estate and creditors.

14.     The Debtor may have claims against E*TRADE. The Debtor does not waive such claims by the filing of this Motion or rejection of the Agreement.

## NOTICE

15.     No trustee, examiner or creditors' committee has been appointed in this Chapter 11 case.

16.     Notice of this Motion was served on the following parties on the date on which it was filed by e-mail or facsimile: (1) the United States Trustee; (2) the non-insider holders of the twenty largest unsecured claims against the Debtor, or, if applicable, the lawyers representing such holders; and (3) the counterparty to the Agreement and additional notice parties as required thereunder.  In light of the nature of the relief requested herein, the Debtor submits that no other further notice is required.

## NO PRIOR REQUEST

17.     No prior request for the relief requested herein has been made to this or any other Court.

WHEREFORE, in accordance with the preceding, the Movant respectfully requests that this Honorable Court:

A.     Grant this Motion and enter an Order in the form attached herewith as **Exhibit B**; and

B.     Grant any and all additional relief the Court deems necessary and just.

13623608.2

Respectfully submitted,

EZENIA! INC.,

By its Proposed Attorneys

**NIXON PEABODY LLP**

Dated: October 6, 2011
By: */s/ Daniel W. Sklar*
       Daniel W. Sklar, Esquire, BNH #01443
       Holly J. Kilibarda, Esquire, BNH #06912
       Christopher M. Desiderio (PHV)
       900 Elm Street
       Manchester, N.H. 03101
       (Tel) (603)628-4000
       (Fax) (603) 628-4040
       dsklar@nixonpeabody.com
       hkilibarda@nixonpeabody.com
       cdesiderio@nixonpeabody.com

<u>**CERTIFICATE OF SERVICE**</u>

       I, Daniel W. Sklar hereby certify that a copy of the foregoing *Motion of Debtor-in-Possession for Order Authorizing Debtor to Reject a Certain Executory Contract*, was served via this Court's electronic filing system and U.S. First Class Mail to:

(1) the United States Trustee;

(2) the non-insider holders of the twenty largest unsecured claims against the Debtor, or, if

applicable, the lawyers representing such holders; and

(3) the counterparty to the Agreement and additional notice parties as required thereunder.

Dated:  October 6, 2011
       */s/ Daniel W. Sklar*
       Daniel W. Sklar, Esquire

13623608.2