# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| In re<br><br>EZENIA! INC.<br><br>                        Debtor. | Bk. No. 11-13664-JMD<br>Chapter 11<br><br>Hearing Date: November 22, 2011<br>Hearing Time: 10:00 a.m.<br>Objection Deadline: November 15, 2011 |

## MOTION OF DEBTOR-IN-POSSESSION FOR ORDER AUTHORIZING DEBTOR TO REJECT CERTAIN COMMERCIAL LEASES

The above-captioned debtor and debtor-in-possession (the "Debtor") hereby moves this Court for entry of an Order authorizing the Debtor to reject two (2) commercial leases. In support of its Motion, the Debtor respectfully states as follows:

### JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

3. The predicates for the relief requested herein is section 365(a) of the Bankruptcy Code.

### BACKGROUND

4. On September 30, 2011 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtor continues to operate its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee or examiner has been appointed in the Debtor's chapter 11 case (the "Case"), and no official committee has been appointed.

5. The Debtor is a publicly traded company (EZEN), which operates in one business segment, which is the design, development, manufacturing, marketing and sale of conferencing and real-time collaboration solutions for corporate and governmental networks and eBusiness. The company was founded in 1991, and it is headquartered in Nashua, New Hampshire.

6. The Debtor formerly operated two (2) satellite offices in Sterling, Virginia and Colorado Springs, Colorado. These offices were closed pre-Petition Date.

**RELIEF REQUESTED**

7. Pursuant to Section 365(a) of the Bankruptcy Code, the Debtor seeks approval of the rejection of two (2) commercial leases:

   a) Deed of Lease dated February 28, 2005, by and between the Debtor and Winkler-Southern Towers Limited Partnership, predecessor to Quantico Buildings, LLC, as amended by a First Amendment to Deed of Lease dated June 22, 2009 (the "Virginia Lease"); and

   b) Multi-Tenant Lease Agreement dated September 25, 2003, by and between the Debtor and Mack-Cali Realty, L.P., predecessor to Colorado Springs Office Buildings, Inc. ("CSOBI"), as amended thereafter[1] (the "Colorado Lease").

8. Pursuant to the Virginia Lease (as amended), the Debtor leased approximately 2,145 rentable square feet of space within the TransDulles Centre and known as Suite 210, 107 Carpenter Drive, Sterling, Virginia (the "Virginia Property"). As amended, by its terms, the Virginia Lease will expire in July of 2013. A true and correct copy of the Virginia Lease with its amendments is attached herewith as **Exhibit A**.

---

[1] The Colorado Lease was amended on February 7, 2006 pursuant to Amendment Number One to Lease Agreement. The Colorado Lease was further amended by a Settlement Agreement and Mutual Release of Claims dated April 1, 2010 and resolving the matter of *CSOBI v. Ezenia! Inc.*, Case No. 2009cv5775, El Paso County Court, Colorado.

9. Pursuant to the Colorado Lease, the Debtor leased approximately 9,124 rentable square feet of space within the Tech Center East/West at Briarsgate, located at Suites 115 and 120, 8415 Explorer Drive, Colorado Springs, Colorado (the "Colorado Property"). As amended, by its terms, the Colorado Lease will expire on November 30, 2011. A true and correct copy of the Colorado Lease with its amendments is attached herewith as **Exhibit B**.

10. Section 365(a) of the Bankruptcy Code provides that a debtor in possession "subject to the court's approval, may assume or reject any executory contract . . . of the debtor." The standard applied to determine whether the rejection of an executory contract (such as an unexpired lease) should be authorized is the "business judgment" standard. See In re Orion Pictures Corp., 4 F.3d 1095, 1098-99 (2d Cir. 1993); see also NLRB v. Bildisco & Bildisco, 465 U.S. 513, 520 (1984); In re Roman Crest Fruit, Inc., 35 B.R. 939, 949 (S.D.N.Y. 1983).

11. The Debtor has closed the satellite offices at the Virginia Property and the Colorado Property, and it has no use for the leased premises. The Debtor no longer feels that it is in its best interest to be bound by the Virginia Lease or the Colorado Lease. Therefore, it is the Debtor's business judgment that the Virginia Lease and the Colorado Lease ought to be rejected.

## APPLICABLE AUTHORITY

12. It is well-settled that section 365(a) of the Bankruptcy Code authorizes a debtor-in-possession to reject its obligations under an executory contract or unexpired lease, such as the obligations under the Virginia Lease and the Colorado Lease. See Schlumberger Res. Mgmt. Servs. v. CellNet Data Sys. (In re CellNet Data Sys.), 327 F.3d 242, 246 (3d Cir. 2003); see also In re Wells, 227 B.R. 553, 564 (Bankr. M.D. Fla. 1998) ("The authority to reject certain contracts is essential to the bankruptcy process and provides a mechanism through which extreme economic burdens may be alleviated while the debtor attempts to reorganize.")

13. Rejection of an executory contract is proper where the contract is a burden to the debtor's estate and/or where it would hinder a corporate reorganization. Philadelphia Co. v. Dipple, 312 U.S. 168, 174 (1941). Further, "[a] debtor's decision to reject an executory contract should be summarily upheld, unless it is the product of bad faith, whim or caprice." In re Trans World Airlines, Inc., 261 B.R. 103, 121 (Bankr. D. Del. 2001) (citation omitted).

14. The Debtor's decision to reject the Virginia Lease and the Colorado Lease is clearly a valid exercise of its business judgment. Upon rejection of the Virginia Lease and the Colorado Lease, the Debtor will no longer be obligated to pay the monthly rental payments and other payments due thereunder, thereby eliminating a significant administrative priority expense. 11 U.S.C. § 365(d)(3). The Debtor has closed its satellite offices and does not require the use of the Virginia Property or the Colorado Property, and thus, any future rental payments would be an unnecessary and unreasonable expense for the Debtor's estate. It is well within the Debtor's business judgment to utilize section 365(a) to ameliorate this wasteful and needless expense. See, e.g., Trans World, 261 B.R. at 122 (holding that rejection of an executory contract is made within the Debtors' "sound business judgment" where ongoing expenses of the estate will be reduced as a result of rejection). Finally, there is no indication that the Debtor's decision to reject the Virginia Lease and the Colorado Lease is a result of any bad faith, whim or caprice.

15. The Debtor further requests that the Court approve rejection of the Virginia Lease and the Colorado Lease *nunc pro tunc* to the date of the filing of this Petition. Courts have authorized rejections of executory contracts and unexpired leases, including retroactive rejections, based on the equities under the circumstances. See In re Chi-Chi's, Inc., 305 B.R. 396, 399 (Bankr. D. Del. 2004) (acknowledging that a bankruptcy court may approve a rejection retroactive to the date the motion is filed after balancing the equities in a particular case); In re

4
13627958.1

Fleming Cos., Inc., 304 B.R. 85, 96 (Bankr. D. Del. 2003) (stating that "rejection has been allowed *nunc pro tunc* to the date of the motion or the premises were surrendered . . ."). Courts that have permitted retroactive rejection generally have permitted rejection to be effective as of the date on which the non-debtor party to the lease was informed of the debtor's "unequivocal intent to reject the leases." In re Fleming, 304 B.R. at 96; see also In re Loewen Group Int'l, Inc., Case No. 99-1244 (PJW) (Bankr. D. Del. Aug. 18, 2000). By this Motion, the Debtor is hereby unequivocally informing its landlords that the Debtor intends to unequivocally reject the Virginia Lease and the Colorado Lease as of the date on which this Motion is filed.

16. Expedient rejection of the Virginia Lease and the Colorado Lease is a sound exercise of the Debtor's reasonable business judgment. Authorizing rejection of the Virginia Lease and the Colorado Lease effective *nunc pro tunc* to the date of the filing of this Petition will benefit the Debtor's estate by relieving it of the administrative expense necessary to maintain assets that are of little, if any, value to the Debtor. In January 2009, the Debtor hired a broker in order to market the Colorado Lease and in June 2011 the Debtor hired a broker in order to market the Virginia Lease. After these extensive marketing processes no one has expressed any interest in acquiring either lease from the Debtor. Accordingly, because the Debtor has no further use for the Virginia Property or the Colorado Property and the Virginia Lease and Colorado Lease both appear to be above-market leases, the rejection of the Virginia Lease and the Colorado Lease is in the best interests of the Debtor, its estate and creditors.

17. The Debtor may have claims against one or both of its landlords. The Debtor does not waive such claims by the filing of this Motion or rejection of the Virginia Lease and the Colorado Lease.

## NOTICE

18. No trustee, examiner or creditors' committee has been appointed in this Chapter 11 case.

19. Notice of this Motion was served on the following parties on the date on which it was filed by e-mail or facsimile: (1) the United States Trustee; (2) the non-insider holders of the twenty largest unsecured claims against the Debtor, or, if applicable, the lawyers representing such holders; (3) the counterparty to the Virginia Lease and additional notice parties as required thereunder; and (4) the counterparty to the Colorado Lease and additional notice parties as required thereunder. In light of the nature of the relief requested herein, the Debtor submits that no other further notice is required.

## NO PRIOR REQUEST

20. No prior request for the relief requested herein has been made to this or any other Court.

WHEREFORE, in accordance with the preceding, the Movant respectfully requests that this Honorable Court:

A. Grant this Motion and enter an Order in the form attached herewith as **Exhibit C**; and

B. Grant any and all additional relief the Court deems necessary and just.

Respectfully submitted,

EZENIA! INC.,

By its Attorneys

**NIXON PEABODY LLP**

| | |
|---|---|
| Dated: October 6, 2011 | By: */s/ Daniel W. Sklar* <br> Daniel W. Sklar, Esquire, BNH #01443 <br> Holly J. Kilibarda, Esquire, BNH #06912 <br> Christopher M. Desiderio (PHV) <br> 900 Elm Street <br> Manchester, N.H. 03101 <br> (Tel) (603)628-4000 <br> (Fax) (603) 628-4040 <br> dsklar@nixonpeabody.com <br> hkilibarda@nixonpeabody.com <br> cdesiderio@nixonpeabody.com |

## CERTIFICATE OF SERVICE

I, Daniel W. Sklar hereby certify that a copy of the foregoing *Motion of Debtor-in-Possession for Order Authorizing Debtor to Reject Certain Commercial Leases*, was served via this Court's electronic filing system and U.S. First Class Mail to:

(1) the United States Trustee;

(2) the non-insider holders of the twenty largest unsecured claims against the Debtor, or, if applicable, the lawyers representing such holders;

(3) the counterparty to the Virginia Lease and additional notice parties as required thereunder; and

(4) the counterparty to the Colorado Lease and additional notice parties as required thereunder.

| | |
|---|---|
| Dated: October 6, 2011 | */s/ Daniel W. Sklar* <br> Daniel W. Sklar, Esquire |

13627958.1